## 63976. ROGERS v. THE STATE.

SHULMAN, Presiding Judge.
Appellant was indicted, tried, and convicted of two counts of first degree homicide by vehicle and was sentenced to consecutive five and three-year sentences. He now appeals from those convictions.

The convictions arose from a collision between an automobile being driven by appellant and another vehicle occupied by Clifton and Louise Black and their child, Wanda Jean Black. There was evidence indicating that appellant's vehicle crossed the center line

and collided head-on with the Black vehicle. The collision resulted in the death of Mr. Black and Wanda Jean Black. Appellant was also injured in the collision and treated in the emergency room of Button Gwinnett Hospital immediately after the accident.

Blood samples were taken from appellant while he was in the emergency room approximately two hours after the accident. The samples showed an ethyl alcohol content of .20 grams of alcohol per cc of blood, which is double the amount that presumptively establishes legal intoxication. The investigating officer who ordered the taking of the blood sample testified that he did not advise appellant of his rights under Code Ann. §§ 68A-902.1 and 68B-306 because, in his opinion, appellant would not have understood his advice. There was conflicting testimony about appellant's condition at the time the test was administered, but it is undisputed that appellant was lying on his back on an emergency room table with an oxygen mask on at the time the officer attempted to communicate with him. The attending physician testified at trial that appellant was awake and alert when he first saw appellant in the emergency room and that appellant did not lapse into unconsciousness at any time thereafter. He testified that appellant responded to questions with "yes" and "no" and shakes of his head. The doctor further testified that he thought he was in the emergency room when the blood samples were being taken but that he was not observing the taking of the samples because he was very busy at the time. A lab technician who assisted in the drawing of blood from appellant testified that she did not know whether he was conscious at the time the sample was taken.

Appellant challenges his convictions on the ground that the trial court erred in failing to suppress the evidence procured through the blood test. He also challenges the constitutionality of the Georgia DUI statute, Code Ann. § 68A-902; the blood test statute, Code Ann. § 68A-902.1; and the homicide by vehicle statute, Code Ann. § 68A-903. He further assigns error to the trial court's denial of his motion to dismiss the two-count indictment on double jeopardy grounds. Two other enumerations of error deal with the trial court's denial of appellant's motion for new trial and refusal to ban from the courtroom the wife and mother of the two victims.

1.   Appellant's second, third, and fourth enumerations of error address the trial court's denial of his motion to suppress, motion in limine, and motion for mistrial, all of which were based upon the argument that evidence obtained from the blood-alcohol test administered to appellant was illegally seized and therefore inadmissible due to the investigating officer's failure to give appellant the implied consent warning required under Code Ann. § 68A-902.1 (a)(4). Every person who operates a motor vehicle is

deemed to have consented to the administration of an approved intoxicant test given in accordance with Code Ann. § 68A-902.1. Code Ann. § 68B-306. However, a suspect for whom a test has been requested may have an additional test performed by a qualified person of his own choosing or he may refuse to submit to any test. Code Ann. §§ 68A-902.1 (a)(3), 68B-306(c). "The arresting officer at the time of arrest shall advise the person arrested of his rights to a chemical test or tests according to this section." Code Ann. § 68A-902.1 (a)(4). Failure of the arresting officer to so advise the suspect renders the results of the test inadmissible in later proceedings. *Nelson v. State,* 135 Ga. App. 212 (217 SE2d 450).

However, "any person who is dead, unconscious, or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn [the implied consent to an intoxicant test] ..." Code Ann. § 68B-306 (b). If a suspect is "dead, unconscious, or otherwise incapable of refusing the test ... the officer lawfully can extract a blood specimen under the aegis of protection of evidence" without advising the suspect of his rights concerning intoxicant tests. *Smith v. State,* 143 Ga. App. 347, 349 (238 SE2d 698). See also *Williams v. State,* 145 Ga. App. 81 (2) (243 SE2d 614); *Thornberry v. State,* 146 Ga. App. 827 (1) (247 SE2d 495); *Beaman v. State,* 161 Ga. App. 129 (2) (291 SE2d 244).

The narrow issue raised by these enumerations of error turns on the question of whether appellant was unconscious or otherwise incapable of refusing the test at the time it was administered. The investigating officer admitted that he did not advise appellant of his rights concerning intoxicant tests, but he also testified that his failure to so advise the appellant was based on his observation that appellant was incapable of understanding the advice because he was unconscious or only semi-conscious. His testimony, while perhaps contradicted by his own statement that he communicated with appellant about his home phone number and by the testimony of the attending physician, is supported by the facts that appellant was lying flat on his back with an oxygen mask covering his face, had a blood alcohol count of .20, and was in apparent pain while in the emergency room.

Based on the record before us, we cannot state that the trial court erred in denying appellant's motions. The trial court necessarily found as a matter of fact that appellant was either unconscious or otherwise incapable of understanding his rights when the test was administered in order to preserve the evidence. In ruling on a motion to suppress evidence, the trial judge sits as the trier of fact and his findings should not be disturbed by this court if they are supported by any evidence. *Birge v. State,* 143 Ga. App. 632, 633 (239

SE2d 395). The record contains ample evidence to support the conclusion of the trial court.

2. Appellant's seventh enumeration of error challenges the constitutionality of Code Ann. § 68A-902 ("Driving with Ability Impaired by Alcohol or Drugs") and Code Ann. § 68A-902.1 ("Chemical Tests"). The Supreme Court upheld the constitutionality of § 68A-902 in *Cargile v. State,* 244 Ga. 871 (262 SE2d 87) and § 68A-902.1 in *Garrett v. Dept. of Public Safety,* 237 Ga. 413 (288 SE2d 812). This enumeration of error is without merit.

3. Appellant's sixth enumeration of error challenges the constitutionality of Code Ann. § 68A-903 ("Homicide by Vehicle"). The constitutionality of this statute was specifically addressed and upheld in *State v. Edwards,* 236 Ga. 104 (222 SE2d 385). See also *Head v. State,* 246 Ga. 360 (271 SE2d 452). Accordingly, this enumeration of error is also without merit.

4. In his fifth enumeration of error, appellant contends that the trial court erred in failing to dismiss the two-count indictment. This enumeration is based upon the argument that the two-count indictment constitutes multiple prosecutions for the same conduct and is prohibited under Code Ann. § 26-506(a). The latter Code section provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." Appellant argues that the death of two individuals occurring at the same time, in the same location, and involving the same incident, constitutes only one crime. However, appellant ignores the first sentence of § 26-506, which clearly provides that the same conduct of the accused may constitute more than one crime. The two crimes for which appellant was indicted in this case were vehicular homicide of Clifton Black and vehicular homicide of Wanda Jean Black. These constitute two separate crimes against two separate individuals. "Where one is charged with the homicide of different people in different counts and is found guilty on each count, he may be sentenced separately on each count to run consecutively for the reason that the killing of different persons constitutes separate crimes even though done at the same time with one stroke of the same death-dealing instrument. While the stroke was one transaction, the killing of different persons with that stroke constitutes several criminal transactions. We do not have here a lesser and a greater offense situation [cit.], or varying degrees of the same crime [cit.], or the same crime committed in various ways."

*Brown v. State,* 129 Ga. App. 743, 746 (201 SE2d 14).

5. Appellant's eighth enumeration of error charges that the trial court erred in allowing the wife and mother of the victims to remain in the courtroom after she had testified and been excused. Appellant argues that her presence in the courtroom created an injustice and appealed to the passion and prejudice of jurors. However, appellant cites no fact supporting this conclusion. The trial court cautioned Mrs. Black not to make "any facial expressions or any outburst or anything of this matter" and that she "will have to remain back in the courtroom, not in the front row . . ." There is no evidence indicating that these instructions were not complied with fully by Mrs. Black. "The conduct of the trial of any case is necessarily controlled by the trial judge, who is vested with a wide discretion and in the exercise of which an appellate court should never interfere unless it is made to appear that wrong or oppression has resulted from its abuse. [Cits.]" *Nunnally v. State,* 235 Ga. 693, 699 (221 SE2d 547). As in *Nunnally* wherein the widow of the deceased was allowed to sit at the prosecution's counsel table, there is no evidence in this case that Mrs. Black engaged in any emotional display or improper conduct. Allowing the widow to remain in the courtroom but restricting her presence to the back of the courtroom, as did the trial judge in this case, certainly presents far less chance for prejudice than allowing her to sit at the prosecution's counsel table. We find no abuse of discretion on the part of the trial court in allowing Mrs. Black to remain in the courtroom after testifying.

6. Appellant's remaining enumeration of error charges that the trial court erred in failing to grant his motion for new trial. The only grounds listed in appellant's motion for new trial which are not addressed above are the general grounds stating that the verdict is contrary to law and the evidence and is strongly against the weight of the evidence. Our review of the record in this case demonstrates ample evidence upon which the jury's verdict could be based. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1982 —
REHEARING DENIED SEPTEMBER 29, 1982 —

*Donn M. Peevy,* for appellant.
*Bryant Huff, District Attorney, Johnny R. Moore, Assistant District Attorney,* for appellee.