## 71420. MASON v. THE STATE.
(338 SE2d 706)

BANKE, Chief Judge.

The defendant appeals his conviction of driving under the influence of alcohol.

On the evening of February 19, 1984, a Chevrolet Camaro automobile owned and occupied by the defendant left a roadway in Gwinnett County and overturned. Two other persons were in the car at the time, Allen Franklin Hanson and Tommy Ray Porter. There do not appear to have been any other eyewitnesses to the accident.

Officer Voltner of the Gwinnett County Police Department testified that he arrived on the scene soon after the accident occurred and observed six or seven bystanders gathered near another vehicle which was parked on the side of the road. He stated that he asked this group as a whole, "who was the driver," and that the defendant responded by saying he had been. There is no evidence to indicate that the officer did or said anything prior to making this inquiry to imply that anyone was under arrest or detention; however, he testified on cross-examination that he was not going to allow anyone to leave until he had gotten some questions answered. Moreover, when asked by defense counsel if he did not consider the entire group to have been in custody at the time he made his initial inquiry, he replied, "I guess the law aspect of it, they were in custody."

Officer Voltner testified that he arrested the defendant for driving under the influence based upon the defendant's admission that he had been driving when the accident occurred and upon his (the officer's) subsequent observations that the defendant was unsteady on his feet, had a strong odor of alcohol on his breath, and was unable to recite his ABC's in proper order. Following his arrest, the defendant was detained for some 20 to 30 minutes inside the officer's patrol car before being advised of his implied consent rights pursuant to OCGA § 40-6-392, during which period of time the officer completed his investigation of the accident and transferred possession of the defendant's automobile to a wrecker service which had been summoned to

the scene. After being transported to police headquarters, the defendant was administered a breath test, which resulted in a blood-alcohol reading of .19 percent.

Neither of the other two occupants of the vehicle would say who had been driving, and the officer's testimony concerning the defendant's admission thus constituted the only direct evidence on this point. Porter, who was called as a witness by the state, testified that he had been asleep in the back of the car when the accident occurred. Hanson, who was called by the defense, acknowledged that he and the defendant had been sitting in the front but invoked his Fifth Amendment privilege against self-incrimination when asked which of them had been sitting on the driver's side and which on the passenger's side.

Following his conviction, the defendant filed a motion for new trial based, in part, upon the alleged existence of newly discovered evidence. In support of this motion, he submitted his own affidavit to the effect that, two months after the trial, Porter had admitted to him that he (Porter) had been conscious at the time of the incident and that he knew Hanson had been driving. The defendant also submitted the affidavit of one Margaret Jones to the effect that, after the close of the evidence in the case, she had heard Porter admit to having perjured himself and Hanson admit to having been the driver of the car. *Held*:

1. The defendant contends that the trial court erred in refusing to suppress the evidence of his on-the-scene admission to Officer Voltner, on the ground that the state failed to provide him with a copy of it in compliance with his written request, made pursuant to OCGA § 17-2-210, for copies of all statements made by him "while in police custody."

As a general rule, "[o]ne who is the subject of a general on-the-scene investigation is not in custody. *Shy v. State*, 234 Ga. 816, 820 (218 SE2d 599) (1975)." *Glass v. State*, 166 Ga. App. 225, 226 (303 SE2d 764) (1983). Accord *Collins v. State*, 154 Ga. App. 651, 653 (3) (269 SE2d 509) (1980); *King v. State*, 147 Ga. App. 163, 164 (1) (248 SE2d 294) (1978). It is clear from Officer Voltner's testimony both that the investigation had not focused on the defendant at the time he made the admission and that the officer had engaged in no display of force or authority which might reasonably have led the defendant to believe he was in police custody. Under such circumstances, neither the officer's retrospective testimony that he would not have allowed any of the bystanders to leave until he had received some answers to his questions nor his conclusion that all of them were in his legal custody may be considered controlling on the issue of whether there had in fact been an official exercise of control or authority over the defendant amounting to an arrest. See *Dawson v. State*, 166 Ga. App.

199, 200-201 (303 SE2d 532) (1983). The trial court was consequently authorized to conclude from the evidence that the defendant was not in police custody at the time the admission was made and that the admission was not subject to discovery pursuant to OCGA § 17-7-210. Accord *Jordan v. State,* 166 Ga. App. 417 (1, 2) (304 SE2d 522) (1983).

2. The defendant contends that the results of the breath test should have been excluded because he was not notified of his implied consent rights "at the time of his arrest," as required by OCGA § 40-6-392 (a) (4), but was held in the patrol car for some 20 to 30 minutes before receiving such notification. This contention is without merit. The notification is timely if given "at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant. . . ." *Perano v. State,* 250 Ga. 704, 708 (300 SE2d 668) (1983). Given the more immediate concerns of the arresting officer in the present case with completing his investigation of the accident scene and dealing with the hazard created by the wrecked vehicle, and given the fact that it would have been of no conceivable benefit to the defendant to have been informed of his implied consent rights any earlier, we hold that the advice was given as soon after the moment of the arrest as was reasonably practical.

3. The defendant contends that the trial court erred in refusing to allow him to ask leading questions of Hanson, whom he had called as his own witness, with respect to where the two of them had been sitting in the vehicle at the time the accident occurred. As previously indicated, Hanson admitted that he and the defendant had been in the front, but he repeatedly invoked his Fifth Amendment privilege against self-incrimination when asked any question designed to reveal which of the two of them had been occupying the driver's seat. Under the circumstances, there is no reason to assume that Hanson would not have continued to invoke the Fifth Amendment had defense counsel been permitted to cross-examine him on the issue. " 'It is within the discretion of the trial judge to permit leading questions to be propounded to a witness in the direct examination, or he may sustain objection thereto, as the ends of justice . . . require. . . .' *Tippins v. Lane,* 184 Ga. 331 (1) (191 SE 134). See Code Ann. § 38-1706 [currently OCGA § 24-9-63]." *Tucker v. Mappin,* 149 Ga. App. 847, 849 (256 SE2d 135) (1979). No abuse of discretion has been established in the present case.

4. The defendant contends that the following jury instructions given by the trial court were unconstitutionally burden-shifting: "I charge you that every person may be presumed to be of sound mind and discretion, but this presumption may be rebutted. I charge you that you may infer, if you wish to do so, that the acts of a person of sound mind and discretion are the product of his will and that a per-

son of sound mind and discretion intends the natural and probable consequences of his act. Now, whether or not you make any such inference or inferences is a matter solely within the discretion of you, the members of this jury. I charge you that intent is an essential element of any crime and must be proved by the state beyond a reasonable doubt. I charge you that a person will not be presumed to act with criminal intent, but the triers of the facts, and that is you, members of the jury, may find such intention or the absence thereof upon a consideration of words, conduct, demeanor, motive and other circumstances connected with the act for which the accused is being prosecuted."

These charges, which track charges J and K on p. 13 and charge A on p. 25 of the Suggested Pattern Jury Instructions for Criminal Cases, Council of Superior Court Judges of Georgia (1984 ed.), are couched entirely in permissive, rather than mandatory, language. Consequently, they cannot be considered unconstitutionally burden-shifting within the meaning of the United States Supreme Court's recent decision in *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985). See *Heard v. State*, 175 Ga. App. 793 (334 SE2d 374) (1985). It follows that this enumeration of error is without merit.

5. The trial court did not err in refusing to grant a new trial on the basis of the alleged newly discovered evidence presented by the defendant. "[A] new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980). See also OCGA § 5-5-23. Furthermore, "[i]t is the long-standing rule in this state that declarations to third persons against the declarant's penal interest, to the effect that the declarant, and not the accused, was the actual perpetrator of the offense, are not admissible in favor of the accused at his trial (cits.) or to procure a new trial on the basis of newly discovered evidence. (Cit.)" *Timberlake v. State*, supra, 246 Ga. at 492.

6. The evidence presented at trial was sufficient to enable a rational trier of fact to find the defendant guilty as charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 22, 1985 —
REHEARING DENIED DECEMBER 5, 1985 —

*Samuel H. Harrison,* for appellant.
*Herbert T. Jenkins, Jr., Solicitor, Carey M. Cameron, Michael S.*

*Weldon, Assistant Solicitors,* for appellee.