## 72683. FORE v. THE STATE.
(348 SE2d 579)

POPE, Judge.

Victor P. Fore appeals from his conviction of driving under the influence of alcohol in violation of OCGA § 40-6-391, enumerating as error the denial of his motion to suppress evidence of the results of the intoximeter test administered to him after his arrest, and his motion for new trial.

Appellant contends that the results of the intoximeter test were inadmissible because the arresting officer did not advise him of his rights under the implied consent law, OCGA §§ 40-5-55 and 40-6-392, "at the time of arrest, or at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant . . . ." *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983). Appellant testified that after the officer stopped him and put him in the patrol car, the officer got a call and went after another vehicle, picked up the driver and then took both of them to the police station. Appellant estimated the space of time from when they left the location where his car was stopped until they arrived at the police station to be "twenty, twenty-five minutes at the most." The officer read him the implied consent rights while they were in the patrol car.

We think this case is controlled by the interpretation of *Perano* applied in *Mason v. State*, 177 Ga. App. 184 (2) (338 SE2d 706) (1985). In *Mason* the appellant was detained for some twenty to thirty minutes inside the officer's patrol car before he was advised of his implied consent rights. The court held that due to "the more immediate concerns of the arresting officer in the present case with completing his investigation of the accident scene and dealing with the hazard created by the wrecked vehicle, and given the fact that it would have been of no conceivable benefit to the defendant to have been informed of his implied consent rights any earlier, we hold that the advice was given as soon after the moment of the arrest as was reasonably practical." *Mason*, supra at 186.

In the instant case the arresting officer also read appellant the implied consent rights while he was in the patrol car. Due to the exigency of the second arrest (which, incidentally, the officer did not recall at trial), and the fact that this appellant would likewise have in no way benefitted by being informed of his rights any earlier, we conclude that the advice was given as soon after the moment of arrest as was reasonably practical in compliance with the statutory scheme. Therefore, the trial court properly allowed the results of the test in evidence and did not err in denying either the motion to suppress or the motion for new trial.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

Decided September 3, 1986.

*John F. Doran, Jr.*, for appellant.
*Samuel H. Harrison, Solicitor, Michael Weldon, Assistant Solicitor*, for appellee.