## 73133. HADDEN v. THE STATE.
(349 SE2d 770)

BANKE, Chief Judge.

Hadden was convicted of driving a motor vehicle with .12 percent or more by weight of alcohol in his blood. He was also charged with driving while under the influence of alcohol, but the jury deadlocked and a mistrial was declared with respect to that count.

Appellant was observed driving at a high rate of speed by a Georgia state patrolman. Upon stopping the vehicle, the officer observed that appellant's movements were unsteady and detected an odor of alcohol on his breath. Consequently, he asked appellant to submit to a field sobriety test. When appellant was unable to complete the test successfully after two attempts, the officer placed him under arrest for speeding and driving under the influence of alcohol.

The officer testified at trial that appellant was so emotionally upset upon being arrested that he was unable to advise him of his implied consent warning at that time. Specifically, the officer stated: "I tried to read him the implied consent warning, which is required by Georgia law. He was very upset emotionally, he was crying, he was pleading with me not to lock him up — he couldn't afford the speeding ticket. I tried to get him to calm down so I could read it to him — I could not do it." After appellant was taken to the county jail, the implied consent warning was read to him and an intoximeter (breath) test administered. According to the officer, appellant consented to the state-administered test without making any request for an independent test. The intoximeter registered a blood-alcohol level of .14 grams percent. *Held*:

1. Appellant submits that the intoximeter test results should not have been admitted as evidence because the officer failed to inform him *at the time of arrest* of his right to an independent chemical analysis. While OCGA § 40-6-392 (a) (4) requires that a DUI suspect be informed at the time of his arrest of his right to an independent chemical analysis, in *Perano v. State*, 250 Ga. 704, 707 (300 SE2d 668) (1983), the Supreme Court recognized that "certain limited situ-

ations may exist where advising the accused at the moment of physical arrest would not enable the accused to make an intelligent choice concerning the state's request and his right to undergo an independent test." There, a fracas had ensued between the defendant and the arresting officer, and the court concluded that as a result any notification to the defendant of his right to an independent chemical analysis would have been meaningless at the time of the physical arrest. We find the *Perano* exception to be applicable in the present case. Thus, since the appellant was notified of his right to an independent test before the intoximeter test was administered, we hold that the failure to notify him of that right immediately upon his arrest did not preclude the admission of the test results.

2. Appellant also contends that the intoximeter test results were inadmissible for the reason that OCGA § 40-6-392 (a) (1) authorizes only the Division of Forensic Sciences of the Georgia Bureau of Investigation to approve methods of chemical testing to determine blood-alcohol levels, whereas the test administered in the present case was performed in accordance with regulations promulgated by the Georgia Department of Public Safety (GDPS), without statutory authority. This contention is controlled adversely to appellant by our recent decision in *State v. Holton*, 173 Ga. App. 241 (326 SE2d 235) (1985), wherein we held that the implied consent rules promulgated by the GDPS were in substantial compliance with the statute and were valid and effective against the defendant. Appellant's contention that lack of notice of the regulations deprived him of the opportunity to examine their contents and determine their validity was also addressed in *Holton*, as follows: "[W]hile the failure of DFS to properly promulgate the implied consent rules under the auspices of the GBI may conceivably cause or have caused some difficulty or confusion, the publication of these rules by the Department of Public Safety has, as a practical matter, not resulted in any appreciable lack of notice of these rules to those affected thereby." Id. at 245.

3. Appellant contends that his prosecution for two crimes based on the same conduct resulted in his being placed in jeopardy twice for the same offense.

"[P]roof of 0.12 percent blood-alcohol content would itself support a verdict if a driver was charged with violating OCGA § 40-6-391 (a) (4), but if the charge was violation of subsection (a) (1), the 0.12 percent content would merely be proof that the person was under the influence of alcohol and the State would additionally have to prove that the driver's ingestion of alcohol rendered him incapable of safely driving. . . . Thus, although the two crimes are listed in one code section, the differing elements make them different crimes albeit all targeted at a person's condition while driving." *Peters v. State*, 175 Ga. App. 463, 464 (333 SE2d 436) (1985). Since subsection (a) (1) re-

quired an additional element of proof, the two crimes charged in the present case were legally separate offenses, and there was no legal prohibition against trying the appellant for both of them. However, the offenses were obviously based on the same conduct; and "[a]lthough a defendant may be *prosecuted* for all crimes committed, he may not be convicted of more than one crime if the crimes charged are the same in law *or* fact. [Cits.]" *Pryor v. State*, 238 Ga. 698, 700 (234 SE2d 918) (1977). It follows that, having been convicted pursuant to OCGA § 40-6-391 (a) (4), the appellant cannot also be convicted under § 40-6-391 (a) (1). Thus, a retrial on that count of the accusation is barred. See generally *Sanders v. State*, 176 Ga. App. 869 (4) (338 SE2d 5) (1985).

4. The admission of testimony by the intoximeter operator that the type of machine used to test appellant was widely used throughout the country did not necessitate the grant of a new trial. Even the admission of irrelevant evidence will not constitute ground for reversal unless it can be shown that the evidence was prejudicial. See generally *Hill v. State*, 177 Ga. App. 850 (1) (341 SE2d 322) (1986). We cannot conceive of any prejudice to the appellant which might have resulted from the witness' statement.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 24, 1986 —
REHEARING DENIED OCTOBER 8, 1986

*Allen W. Johnson*, for appellant.
*William D. Jennings III, Assistant Solicitor*, for appellee.