A91A1828, A91A1829. THE STATE v. FLEMING; and vice versa.

(415 SE2d 513)

SOGNIER, Chief Judge.

Linda Fleming was charged with driving under the influence of alcohol, OCGA § 40-6-391 (a) (1), driving a vehicle with an unlawful blood alcohol level, OCGA § 40-6-391 (a) (4), and "the offense of 40-06[-]272 striking parked veh H&R Count 1 and did while operating a motor vehicle, fail to notify owner or person in charge upon striking an unattended vehicle."[1] The State and Fleming both appeal from the trial court's order on Fleming's motion to suppress.

At the hearing on the motion to suppress, evidence was adduced that Fleming backed her automobile into a parked truck owned by Robert Moore. The collision occurred in a trailer park parking lot. Although the State introduced the testimony of two witnesses who saw either the collision or its aftermath, it is uncontroverted neither witness spoke with the investigating officer. Moore testified that he heard a commotion and looked outside his trailer window to see a car, driven by a person he identified as Fleming, under the front end of his truck. He went outside, spoke with Fleming, and smelled alcohol on her breath. He stated that Fleming accused him of backing into her car, that she then moved her car to another parking place, and that she subsequently left the scene. Moore stated he wrote down the car tag number and gave that information and a description of Fleming to the investigating officer. Moore testified that as a result of the accident his truck's fog light was bent and the front bumper elevated.

Officer M. C. Cox testified that when he arrived at the trailer park, only Moore's truck was at the scene. He inspected Moore's truck and found minimal damage. Cox stated witnesses gave him the tag number, a description of Fleming and her car, and that witnesses, including Fleming's ex-husband, told him where Fleming lived. He was also told that Fleming smelled like she had been drinking and was acting "like she was drunk."

Cox testified he went to Fleming's home intending to arrest her for leaving the scene of the accident and to determine if she had been driving under the influence of alcohol. When Fleming answered the door, Cox asked her to step outside. However, he testified that he did not arrest her then but instead talked with her for five minutes with the purpose of "getting an idea if she was at the scene, looking at her to see if she was at all intoxicated, trying to determine her actions at that time." He testified she responded to his questions by stating she had been at the trailer park but left when she concluded the police were not going to show up. Cox recounted that he saw scratches on

---

[1] OCGA § 40-6-272 sets forth the duty of a motor vehicle driver who strikes a fixture legally upon or adjacent to a highway.

her car but no sign of serious damage. He also stated that Fleming told him she had had "one stiff drink" when she returned home because she was nervous. Cox testified that because Fleming had a strong odor of alcohol about her breath, "staggered somewhat" out in the yard, and did not "[snap] with the questions" he asked her, he concluded she was intoxicated, and he arrested her and took her into custody. Although Cox testified he "believed" he read the implied consent rights to Fleming at her home, he admitted he could not swear to it and that the earliest point he could swear that Fleming was informed of those rights was at the jail after her arrest.

Fleming moved to suppress "all evidence and observations of Defendant subsequent to her arrest" and the results of the intoximeter test to which she submitted at the jail. The trial court granted her motion insofar as the intoximeter test results and her post-arrest statements were concerned, but declined Fleming's request to include in the suppression observations of Fleming made by the police after the arrest.

1. The State contends in Case No. A91A1828 that the trial court erred by granting the motion to suppress on the basis that Fleming was arrested at her home without a warrant when a warrant was required. We agree and reverse.

It is uncontroverted that when Cox left the accident scene and went to Fleming's home, he intended to arrest Fleming. However, contrary to Fleming's arguments, the fact that Cox failed to obtain a warrant despite having the intent to arrest her does not control the issue of the validity of the subsequent custodial arrest, given that Cox, who had reason to believe Fleming had been driving under the influence of alcohol and that her intoxication resulted in an accident with Moore's truck, was authorized under OCGA § 17-4-23 (a) to "*arrest* a person accused of violating any law or ordinance governing the operation . . . of motor vehicles *by the issuance of a citation*" (emphasis supplied) in situations "where the offense results in an accident" even though the offense did not occur in the presence of a law enforcement officer. Nothing in Cox's testimony indicates whether at the time he left the accident scene he intended to arrest Fleming solely by means of a citation or whether he intended to effect a custodial arrest. Resolution of that question is immaterial, however, since we must hold pursuant to this court's holding in *Hall v. State*, 200 Ga. App. 585, 586-587 (1) (409 SE2d 221) (1991), that Cox had probable cause to effect a custodial arrest of Fleming for driving under the influence of alcohol based on Cox's own observations of appellant at her home and his investigation at the accident scene. Given Cox's uncontroverted testimony that obtaining a warrant to arrest Fleming for driving under the influence would have required at least two hours, during which time physical evidence of Fleming's alleged intoxication

would dissipate, the warrantless arrest was proper under OCGA § 17-4-20 (a), which provides in pertinent part that "[a]n arrest for a crime may be made by a law enforcement officer . . . without a warrant if . . . there is likely to be failure of justice for want of a judicial officer to issue a warrant."

Therefore, the trial court erred by granting Fleming's motion to suppress regarding her post-arrest statements on the basis that Cox's warrantless arrest was improper.

2. The State contends the trial court erred by granting Fleming's motion to suppress the results of the intoximeter test on the ground that the implied consent warnings were not given to her contemporaneously with her arrest. "On motion to suppress evidence, the trial judge sits as the trior of the facts, hears the evidence, and his findings are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them." (Punctuation and citations omitted.) *Mann v. State*, 196 Ga. App. 730, 731 (3) (397 SE2d 17) (1990).

OCGA § 40-6-392 (a) (4) mandates that an arrestee be advised of her implied consent rights at the time of arrest. "Under ordinary circumstances, where this advice is not given at the time of arrest, or at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant, the results of the state-administered test will not be admissible at trial to show that the accused was driving under the influence of alcohol or drugs." *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983). There is no indication that Fleming was too intoxicated to understand the warnings, compare *Rogers v. State*, 163 Ga. App. 641, 643 (295 SE2d 140) (1982), or too emotionally distraught, compare *Hadden v. State*, 180 Ga. App. 496-497 (1) (349 SE2d 770) (1986), or that Cox was delayed by the exigencies of his duties, compare *Mason v. State*, 177 Ga. App. 184, 186 (2) (338 SE2d 706) (1985); *Fore v. State*, 180 Ga. App. 196 (348 SE2d 579) (1986), or that Cox was unaware that Fleming would be charged with violating OCGA § 40-6-391. See generally *Whittington v. State*, 184 Ga. App. 282, 284 (361 SE2d 211) (1987). Rather, the evidence at the hearing authorized the trial court to conclude that no unusual circumstance existed to excuse Cox's failure to inform Fleming of her implied consent rights at the time of her arrest. Accordingly, we affirm the trial court's ruling in this regard.

3. Our holding in Division 1 is dispositive of the issue in Fleming's appeal in Case No. A91A1829, and therefore we affirm the trial court's denial of Fleming's motion to suppress the evidence of the police officers' own observations of Fleming's post-arrest behavior.

*Judgment affirmed in Case No. A91A1829. Judgment affirmed in part and reversed in part in Case No. A91A1828. McMurray, P. J., and Andrews, J., concur.*

Decided February 11, 1992.

*Keith C. Martin, Solicitor, Kimberly C. Carr, Assistant Solicitor,* for appellant.

*Alfred L. King, Jr.,* for appellee.