A92A0253. SMITH v. THE STATE.
(420 SE2d 29)

SOGNIER, Chief Judge.

Bobby G. Smith was convicted in probate court of DUI, OCGA § 40-6-391 (a) (1), and he appealed to the superior court pursuant to OCGA § 40-13-28. The superior court affirmed his conviction and he appeals.

1. Appellant contends the probate court erred by denying his motion to suppress the result of the Intoximeter 3000 test because no articulable suspicion existed sufficient to support stopping his vehicle. We do not agree.

The evidence adduced at trial established that on the evening of October 27, 1990, Department of Natural Resources Ranger Dennis Gore observed the van driven by appellant slide off a highway onto private property. Gore testified that he followed the van in order to ascertain the safety of its occupants because he suspected the van was having mechanical difficulties, but had difficulty getting the van to stop even after turning on his blue light and siren. This evidence constituted a showing of a sufficient "particularized and objective basis for suspecting the particular person stopped of criminal activity," *United States v. Cortez,* 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621) (1981), and authorized a brief stop under *Terry v. Ohio,* 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

Contrary to appellant's argument, the facts here are distinguishable from those in *Brooks v. State,* 129 Ga. App. 109 (198 SE2d 892) (1973), where the vehicle at issue merely turned from the main highway onto a public road leading into the woods. The van driven by appellant slid through a sharp curve, left the road, and continued onto private property in a manner which caused a trained officer to believe the driver was experiencing mechanical difficulties and to become concerned for the safety of its occupants. Moreover, contrary to appellant's assertion, as a conservation ranger Gore was empowered and authorized, in addition to his regularly enumerated duties, "[t]o exercise the full authority of peace officers while in the performance of their duties," OCGA § 27-1-20 (10), and thus was authorized to stop appellant. Consequently, we hold that the probate court properly denied appellant's motion to suppress the intoximeter result on this basis.

2. Appellant also maintains the probate court erred by failing to suppress the result of the intoximeter test because he was not properly advised of his implied consent rights under OCGA § 40-6-392 (a)

(3), (4).

The evidence at trial showed that when the van did stop, Gore approached appellant, who lowered his window, and noticed "an extremely strong odor of alcohol." In response to a radio call from Gore, Sergeant Stoney Spier of the Upson County Sheriff's Department arrived at the scene and administered an Alco-sensor test, which appellant failed. Spier was unable, however, to transport appellant to the sheriff's office for an intoximeter test because of an emergency call he received, and consequently, Gore handcuffed appellant and transported him to the sheriff's office. Gore testified that appellant was belligerent and fled twice, requiring Gore to chase him into the woods to catch him, and that appellant was uncooperative and did not follow instructions, both before and during his transportation to the test site. There was a further delay in administering the intoximeter test because Spier had not yet returned when Gore and appellant arrived at the sheriff's office, whereupon Gore took appellant to the Thomaston Police Department to be tested. The intoximeter test was eventually performed by Sergeant Tom Sheppard of the Thomaston Police Department, who testified that both he and Gore had advised appellant of his implied consent rights prior to the test, and that the result of the test showed a blood alcohol concentration of .10 grams.

(a) Appellant argues the test results should have been excluded because neither Gore nor Sheppard specified the exact language used in advising him of his rights, and the card from which he read was not introduced into evidence. Pretermitting the merits of this argument, the transcript reveals that appellant did not object to the introduction of the test results on this basis in the probate court, and it is well established that grounds not raised by objection below may not be raised for the first time on appeal. Thomas v. State, 196 Ga. App. 88, 90-91 (3) (395 SE2d 615) (1990).

(b) Appellant did object below to the admissibility of the test result because of the delay of about an hour in advising him of his implied consent rights. See Perano v. State, 250 Ga. 704, 708 (300 SE2d 668) (1983). In order for the result of a chemical test to be admissible at trial, the suspect must be advised of his implied consent rights "at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant." Id. at 708. However, the exigencies of police work, see, e.g., Fore v. State, 180 Ga. App. 196 (348 SE2d 579) (1986), as well as the condition of the arrestee, see, e.g., Hadden v. State, 180 Ga. App. 496-497 (1) (349 SE2d 770) (1986), sometimes create exceptions to the rule that the advice of implied consent rights must be given at the time of the arrest.

Appellant contends the delay in this case was not caused by circumstances sufficient to warrant the delay. We do not agree. In this case, Spier's intervening emergency call required that another certi-

fied operator be located to administer the test. Moreover, the fact that Gore's truck was not suited for carrying uncooperative passengers safely required that Gore concentrate his efforts on placing appellant in custody and safely and effectively transporting him, rather than on advising appellant of his rights. Given these exigencies and the fact that evidence showed that appellant had earlier been belligerent, angry, and uncooperative so that, as in *Hadden*, supra, advising him of his implied consent rights would have been of no conceivable benefit, we hold that the probate court did not err by admitting the test result despite the delay in advising appellant of his implied consent rights. Id.; *Fore*, supra.

3. Given the Alco-sensor and intoximeter test results and Gore's testimony regarding both appellant's erratic driving behavior and his strong odor of alcohol, there was evidence that appellant had violated OCGA § 40-6-391, and consequently the probate court did not err by denying appellant's motion for a directed verdict of acquittal. Moreover, we find that the probate judge, as the finder of fact, was authorized to find appellant guilty of driving while under the influence of alcohol to the extent that it was less safe for him to drive, OCGA § 40-6-391 (a) (1), under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Griner v. State*, 192 Ga. App. 283 (1) (384 SE2d 398) (1989).

4. Because the record fails to reflect that the probate judge was not a lawyer, appellant's due process argument based on the construction of OCGA § 40-13-28 in *Walton v. State*, 261 Ga. 392 (405 SE2d 29) (1991) is controlled adversely to appellant by our holding in Division 2 of *Holloman v. State*, 203 Ga. App. 476 (416 SE2d 839) (1992).

5. Similarly, appellant's fifth enumeration of error, in which he contends the trial court erred by denying his motion to inspect, examine, and test the Intoximeter 3000, is controlled adversely to appellant by *Blanos v. State*, 192 Ga. App. 835-836 (1) (386 SE2d 714) (1989).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 1, 1992 —
RECONSIDERATION DENIED JUNE 12, 1992 — ■■■■■■■■

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, R. Javoyne Hill, Randall K. Coggin, Assistant District Attorneys*, for appellee.