A93A0269. HILL v. THE STATE.
(431 SE2d 471)

BLACKBURN, Judge.

Appellant Hill entered a conditional guilty plea pursuant to *Mims v. State*, 201 Ga. App. 277 (410 SE2d 824) (1991) on charges of driving under the influence of alcohol and driving with a blood alcohol concentration of .10 percent or more after the trial court failed to grant his motion to suppress the evidence. Hill appeals the trial court's denial of his motion.

On January 5, 1992, Hill was involved in a single-vehicle accident in which the automobile he was driving collided with a tree. Officer Cochran of the Athens-Clarke County police department arrived at the scene of the accident and observed that Hill's Ford pickup truck had hit a tree and that Hill was trapped between the driver's door and the dash of the vehicle. Officer Cochran testified that he initially believed Hill to be dead; however, upon closer examination he heard Hill moaning. Hill did not move or talk prior to his transportation by ambulance to the hospital. Upon his arrival at the hospital, Officer Cochran approached an emergency room nurse and asked about Hill's status. The nurse advised him that Hill was "alive, but out of it." Officer Cochran requested that the nurse obtain blood and urine samples from Hill. Thereafter, Officer Cochran observed Hill in the trauma area of the emergency room being administered to by six to eight hospital personnel. Oxygen was being administered to Hill and a suction tube was placed down his throat. Hill testified that he did not remember losing consciousness and that he was able to discuss his injuries with the doctor attending him in the emergency room.

Officer Cochran did not ask Hill for his consent for a chemical analysis of his bodily fluids, nor did Officer Cochran advise Hill of his implied consent rights as required by OCGA § 40-6-392.

On appeal, Hill's sole enumeration of error is that the trial court erred in finding that Hill was in a condition which rendered him incapable of refusing the chemical test of a bodily fluid, within the meaning of OCGA § 40-5-55 (b), thereby allowing the test without his consent.

In order for the chemical analysis "to be considered valid [it]

shall have been performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation and by an individual possessing a valid permit issued by the Division of Forensic Sciences for this purpose." OCGA § 40-6-392 (a) (1). Further, the person being tested is entitled to have a qualified person of his own choice administer an additional chemical test and must be advised by the arresting officer at the time of his arrest of his right to do so, or may refuse to permit any test to be made. OCGA § 40-6-391 (a) (3), (4), and (c). "Under ordinary circumstances, where this advice is not given at the time of arrest, or at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant, the results of the state-administered test will not be admissible at trial to show that the accused was driving under the influence of alcohol or drugs." *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983). However, "[i]f a suspect is 'dead, unconscious, or otherwise incapable of refusing the test . . . the officer lawfully can extract a blood specimen under the aegis of protection of evidence' without advising the suspect of his rights concerning intoxicant tests. [Cits.]" *Rogers v. State*, 163 Ga. App. 641, 643 (295 SE2d 140) (1982). See also OCGA § 40-5-55 (b).

In the case sub judice, the narrow issue raised turns on the question of whether Hill was unconscious or otherwise incapable of refusing the test at the time it was administered. The trial court specifically found that Hill was incapable of a meaningful understanding of his implied consent rights when the test was administered. "In ruling on a motion to suppress evidence, the trial judge sits as the trier of fact and his findings should not be disturbed by this court if they are supported by any evidence. [Cit.]" *Rogers*, supra at 643. The record contains sufficient evidence to support the trial court's findings.

Hill complains that Officer Cochran relied on the emergency room nurse's assessment of his condition; however, in *Smith v. State*, 143 Ga. App. 347 (238 SE2d 698) (1977), we upheld a similar case where the officer relied upon the nurse's assessment that the defendant was "semi-conscious and not communicating with persons present." Id. While the nurse's description in *Smith* was more specifically worded, we find that Officer Cochran's reliance on the nurse's statement that Hill was "out of it" was reasonable under the circumstances. Officer Cochran's observation of six to eight medical personnel working around Hill, administering oxygen and a suction tube, combined with his first impression that Hill was dead and the nurse's opinion that Hill was "out of it" presented sufficient facts which authorized the trial court's denial of Hill's motion to suppress.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 25, 1993.

*Christopher P. Brooks*, for appellant.
*Kenneth W. Mauldin, Solicitor*, for appellee.