## A00A0754. COX v. THE STATE.
### (533 SE2d 435)

BARNES, Judge.

Ralph Gilbert Cox pled guilty to driving under the influence, driving without insurance, and three counts of vehicular homicide. He was sentenced to 15 years for each of the homicide counts, or 45 years total, to serve 36 years with the balance on probation. He appeals the trial court's denial of his motion to reconsider the sentence, arguing that because the three homicide counts arose from a single incident, they should merge for sentencing purposes. We disagree and affirm.

Cox argues that he has received multiple punishments for the single act of driving under the influence in violation of the Georgia and United States Constitutions, because "the DUI is an essential element of each count of vehicular homicide."

The Georgia Constitution provides that "[n]o person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial." Ga. Const., Art. I, Sec. I, Par. XVIII. The Fifth Amendment of the United States Constitution similarly provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." "The double jeopardy clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." (Citations and punctuation omitted.) *Battista v. State,* 223 Ga. App. 369, 370 (477 SE2d 665) (1996).

"Under *Blockburger v. United States,* 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932), successively charged offenses are separate for purposes of double jeopardy if each offense requires the State to prove some element or fact that is not required in the other." (Citation omitted.) *Sword v. State,* 232 Ga. App. 497, 498 (502 SE2d 334) (1998).

Cox was accused of committing three offenses of homicide by vehicle (OCGA § 40-6-393 (a)) through a violation of OCGA § 40-6-391, driving under the influence. In order to prove Cox guilty of vehicular homicide in the first degree under OCGA § 40-6-393, the State must show (1) that he violated OCGA § 40-6-391 by driving with an alcohol concentration of 0.10 grams or more, and (2) that he caused the death of another person. Thus Cox's DUI conviction was properly merged with his convictions for vehicular homicide while

driving under the influence, because all of the elements for DUI had to be proved in order to convict him of vehicular homicide while DUI.

Cox argues that, under the law before the enactment of OCGA § 40-6-393, convictions and multiple punishments for a single act were allowed because the defendant was presumed to have intended the consequences of injury to more than one person. See *Webb v. State*, 68 Ga. App. 466 (23 SE2d 578) (1942). Since OCGA § 40-6-393 removed the "intent" element from the crime of homicide by vehicle, Cox argues, his multiple punishments for three vehicular homicide counts cannot be affirmed on the basis that he intended multiple consequences from his single act of driving under the influence.

As the State points out, however, intent or malice has never been an element of involuntary manslaughter. See OCGA § 16-5-3 and its predecessors. Our decisions upholding multiple convictions and sentencing were based on the individuality of human life, not the presence of malice. See *Rogers v. State*, 163 Ga. App. 641, 644 (4) (295 SE2d 140) (1982). In *Rogers*, we affirmed a conviction of two counts of first degree homicide by vehicle, with consecutive sentences for each count.

> Where one is charged with the homicide of different people in different counts and is found guilty on each count, he may be sentenced separately on each count to run consecutively for the reason that the killing of different persons constitutes separate crimes even though done at the same time with one stroke of the same death-dealing instrument. While the stroke was one transaction, the killing of different persons with that stroke constitutes several criminal transactions. We do not have here a lesser and a greater offense situation, or varying degrees of the same crime, or the same crime committed in various ways.

(Citation and punctuation omitted.) Id. Based on the holding in *Rogers*, the trial court did not err in denying Cox's motion for reconsideration of his sentence.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED APRIL 4, 2000 —
RECONSIDERATION DENIED APRIL 20, 2000 —

*Banks, Stubbs & Neville, Rafe Banks III, Marc N. Cunat*, for appellant.

*Philip C. Smith, District Attorney, Penny A. Penn, Assistant District Attorney*, for appellee.