## A03A0741. THE STATE v. JONES.
### (583 SE2d 139)

BARNES, Judge.

The State appeals from the trial court's grant of Joshua Dale Jones' motion in limine and motion to suppress the results of his breath test. The trial court determined that the officer failed to place Jones under arrest for DUI or read him his implied consent rights at the scene and that there were no exigent circumstances to excuse the failure. After review, we reverse.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations omitted.) *Vansant v. State,* 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

---

[1] Instead, the Board relied upon OCGA § 1-3-1 and argued substantial compliance with OCGA § 48-5-311 (g) (2).

The undisputed evidence reveals that at approximately 1:30 a.m. on March 8, 2001, a Gwinnett County police officer was patrolling a local park when he noticed a black Nissan Maxima drive into the park and stop near a pedestrian crosswalk sign. The officer testified that no one was supposed to be in the park after midnight. As he watched, "the vehicle stopped in front of the sign and the male got out of the vehicle and went over there and stood in front of the sign for a few seconds." The officer testified that he could not tell what the man was doing, but after the driver "quickly got back in his car," he went to investigate. As he approached the car, he passed the crosswalk sign, and noticed a green ring painted on the sign that had not been there when he arrived. At that point he stopped the car, which was driven by Jones, and arrested him for criminal trespass.

The officer testified that after he arrested Jones and placed him in the back of the patrol car, he detected an odor of alcohol from Jones. He also noticed that Jones' eyes were watery and his face flushed. The officer testified that although he suspected that Jones was also DUI, he did not place him under arrest for that offense because of his "inexperience" and because "I wasn't sure whether or not I should do it then or wait till we got to the detention center. I had already made up my mind that he was under arrest at that time for the criminal trespass and being in the park." He was also not sure "whether [he] needed to go forward with the DUI."

After transporting Jones to the detention center, the officer consulted a veteran officer and informed him that after he arrested Jones for criminal trespass, he had smelled alcohol on Jones' person, and "he was wondering what should he do or if he could charge him with driving under the influence." The veteran officer told him that he could place Jones under arrest, and Jones was subsequently placed under arrest for DUI and read his implied consent rights.

Pursuant to OCGA § 40-6-392 (a) (4), a law enforcement officer who arrests a person for driving under the influence of alcohol or drugs and asks him to submit to a chemical test must inform him at the time of arrest of his right to an independent chemical analysis to determine the amount of alcohol or drugs present in his blood. *Perano v. State*, 250 Ga. 704, 707-708 (300 SE2d 668) (1983). Under ordinary circumstances, if this advice is not given at the time of arrest, or as soon afterward as the circumstances warrant, the results of the State-administered test will not be admissible at trial to show that the accused was driving under the influence of alcohol or drugs. Id.

As Jones points out, our courts have found certain exceptions to the requirement that the implied consent warnings be given at the time of the arrest, and "in deciding whether the delay in giving implied consent advice is excusable, we consider the particular set of facts and circumstances of each case." *Edge v. State*, 226 Ga. App.

559, 561 (1) (a) (487 SE2d 117) (1997). For example, we reversed a trial court's denial of a motion to suppress in a case in which the warnings were not given at the time of arrest, finding

> "There is no indication that [the defendant] was too intoxicated to understand the warnings, compare *Rogers v. State*, 163 Ga. App. 641, 643 (295 SE2d 140) (1982), or too emotionally distraught, compare *Hadden v. State*, 180 Ga. App. 496-497 (1) (349 SE2d 770) (1986), or that [the arresting officer] was delayed by the exigencies of his duties, compare *Mason v. State*, 177 Ga. App. 184, 186 (2) (338 SE2d 706) (1985); *Fore v. State*, 180 Ga. App. 196 (348 SE2d 579) (1986), or that [the arresting officer] was unaware that [the defendant] would be charged with violating OCGA § 40-6-391. See generally *Whittington v. State*, 184 Ga. App. 282, 284 (361 SE2d 211) (1987)." *State v. Fleming*, 202 Ga. App. 774, 776 (2) (415 SE2d 513) (1992). We must conclude, therefore, that the trial court erred in admitting into evidence, over [the defendant's] objection, the result of the intoximeter test.

*Clapsaddle v. State*, 208 Ga. App. 840, 842 (1) (432 SE2d 262) (1993). The absence of these situations in the case before us, however, is irrelevant, because the evidence establishes without contradiction that Jones was not initially arrested for driving under the influence, but for criminal trespass. When he was later arrested for driving under the influence, the arresting officer contemporaneously gave him the implied consent rights as required by OCGA § 40-6-392 (a) (4).

> In *Perano v. State*, [250 Ga. at 708], where our Supreme Court concluded that where a law enforcement officer requests a person to submit to a chemical test because of acts alleged to have been committed while operating a motor vehicle under the influence of alcohol or drugs, and the officer arrests that person on this ground, OCGA § 40-6-392 (a) (4) . . . requires that the officer inform him at the time of arrest of his right to an independent chemical analysis to determine the amount of alcohol or drugs present in his blood. In the present case, it is uncontroverted that [Jones] was not arrested for DUI until after he was taken into custody and transported to the police station. Therefore, his implied consent rights were read to him at the time of his arrest for DUI.

(Punctuation and emphasis omitted.) *State v. Whitfield*, 214 Ga. App. 574 (1) (448 SE2d 492) (1994).

Accordingly, we must reverse the trial court's grant of Jones' motion to suppress evidence of the State's breath test.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED MAY 21, 2003 —

*Gerald N. Blaney, Jr., Solicitor-General, Jeffrey P. Kwiatkowski, Gary S. Vey, Jonathan D. Aurelia, Assistant Solicitors-General*, for appellant.

*Mumford & Myers, Albert A. Myers III*, for appellee.

