A03A2159. COLLIER v. THE STATE.
(598 SE2d 373)

BLACKBURN, Presiding Judge.

Following a jury trial, Steven William Collier appeals his drug-related convictions on four counts of homicide by vehicle in the first degree[1] and on two counts of driving under the influence.[2] Collier does not appeal his nondrug-related convictions on two counts of homicide by vehicle in the second degree,[3] on one count of failure to obey a traffic signal,[4] and on one count of giving a false name to a law enforcement officer.[5] On appeal, Collier contends that the trial court erred by denying his motion for new trial, arguing, among other things, that he received ineffective assistance because his trial counsel did not move to suppress the results of blood and urine tests showing methamphetamine and amphetamine in his system at the time his truck crashed into another vehicle, killing two people therein. Specifically, Collier argues that the undisputed record shows that he was coerced into taking the blood and urine tests, and that his trial counsel wholly failed to argue this point. For the reasons set forth below, we reverse the drug-related convictions and remand the case for a new trial on these counts. We also vacate the court's sentencing rulings on the nondrug-related convictions and remand the case for resentencing on these counts.

"[I]t [is the defendant's] burden to develop the record on motion for new trial in order to clarify discrepancies or inconsistencies; this Court views the facts to support the trial court's ruling." (Footnote omitted.) *Garrett v. State.*[6] "The standard of review of the trial court's determination of the effectiveness of counsel is whether the trial court's findings are clearly erroneous." *Gadson v. State.*[7]

The evidence at trial showed that Collier drove his pickup truck through a red light. Collier's truck collided with a car, killing its

---

[1] OCGA § 40-6-393 (a).

[2] OCGA § 40-6-391.

[3] OCGA § 40-6-393 (b).

[4] OCGA §§ 40-6-20; 40-6-21.

[5] OCGA § 16-10-25. Due to mergers of the various counts, the trial court sentenced Collier only on two counts of homicide by vehicle in the first degree and the one count of giving a false name to a law enforcement officer.

[6] *Garrett v. State*, 259 Ga. App. 870, 874 (2) (578 SE2d 460) (2003).

[7] *Gadson v. State*, 252 Ga. App. 347, 352 (11) (556 SE2d 449) (2001).

driver and severely injuring its passenger. The passenger subsequently died from the injuries received in the crash.

When police arrived at the crash scene, Collier allowed his passenger to claim that she had been driving the truck. Police then told Collier's passenger that they would have to obtain tests of her blood and urine and then read her the implied consent notice. The passenger declined consent, and police obtained a search warrant and later at a hospital forcibly obtained a blood and urine sample from her.

After witnessing police place the passenger into a patrol vehicle to take her to the hospital for the tests, Collier fled the area. The police gave chase, caught Collier, handcuffed him, and placed him in their patrol car. The police told Collier that they would have to take blood and urine from him for tests because there was a question as to who had been driving the truck at the time of the accident. Collier was given the implied consent warning and, like his passenger, refused to give consent. Police threatened to obtain a search warrant and to forcibly use a catheter to obtain the samples if Collier did not give consent. In the face of this threat, Collier consented. Subsequent analysis of Collier's blood and urine showed that both contained amphetamine and methamphetamine.

Following his conviction based on these facts, Collier moved for a new trial on his drug-related convictions, claiming ineffective assistance of counsel in that his counsel did not contest the admission of the test results evidence. He argued that his consent to the tests was coerced by misleading information received from police. At the motion for new trial hearing, Collier's counsel testified without contradiction that his failure to contest the admission of the evidence was not a trial tactic. Nevertheless, the trial court denied the motion for new trial. Collier appeals this ruling.

"In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*,[8] appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense." (Punctuation omitted.) *Edwards v. State*.[9] "Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Punctuation omitted.) Id.

Collier claims that his trial counsel was ineffective because counsel did not move to suppress the blood and urine tests on the basis that Collier's consent to the tests was coerced. Collier argues that he initially refused to submit to the blood and urine tests and

---

[8] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).
[9] *Edwards v. State*, 224 Ga. App. 332, 334 (3) (480 SE2d 246) (1997).

agreed to the testing only after the police threatened to obtain a search warrant and to obtain the necessary samples by force. Collier contends that the police misled him because they could not compel him to submit to the tests that he had refused to undergo voluntarily. Collier urges that his trial counsel, therefore, was ineffective for failing to file a motion to suppress on this basis. Collier bore the burden to make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed. *Arnold v. State.*[10]

By statute, the legislature has granted drivers the right to refuse to take a State-administered test.[11] *State v. Leviner.*[12] The consequence of exercising this right is that the evidence of such refusal is admissible in the driver's criminal trial and that the State may suspend the person's driver's license.[13] *Leviner,* supra. Contrary to the police's representation to Collier, the consequence of refusing is *not* that the police may then obtain a search warrant and forcibly conduct the tests. Otherwise, the right to refuse such tests would be ephemeral at best. Cf. *Allen v. State*[14] (the implied consent statute grants a suspect an opportunity to refuse to take a blood alcohol test).

*Buchanan v. State*[15] does not hold otherwise. As demonstrated by the case (*Smith v. State*[16]) cited in *Buchanan, Buchanan*'s statement that testing may be authorized without an accused's "actual consent" refers to the situation where the accused is unconscious and does not give "actual consent"; nevertheless, nor does he withdraw the implied consent authorized in the implied consent statute, and therefore testing is permissible under those circumstances.[17] See *Buchanan,* supra at 150 (1). *Buchanan* does not purport to authorize police to ignore a driver's express refusal to consent and to forcibly obtain blood and urine samples over his objection.

By threatening Collier with forcible testing, the police here misled Collier about the consequences of refusing to consent to the requested tests. Where police mislead an accused about his implied consent rights, any consent based upon the misrepresentation is invalid. *Cooper v. State.*[18] All results of those tests should therefore be

[10] *Arnold v. State,* 253 Ga. App. 307, 308 (1) (560 SE2d 33) (2002).
[11] OCGA § 40-5-67.1 (d).
[12] *State v. Leviner,* 213 Ga. App. 99, 100 (2) (443 SE2d 688) (1994).
[13] OCGA § 40-5-67.1 (b), (d).
[14] *Allen v. State,* 254 Ga. 433, 434 (1) (a) (330 SE2d 588) (1985).
[15] *Buchanan v. State,* 264 Ga. App. 148 (589 SE2d 876) (2003).
[16] *Smith v. State,* 143 Ga. App. 347, 349 (1) (238 SE2d 698) (1977).
[17] OCGA § 40-5-55 (b).
[18] *Cooper v. State,* 277 Ga. 282, 292 (VI) (587 SE2d 605) (2003).

excluded. Id.; see *State v. Terry*.[19]

Collier made the requisite strong showing that a motion to suppress would have been granted. Accordingly, his counsel's failure to contest this evidence was deficient. The admission of this evidence unquestionably harmed Collier's defense. Accordingly, we hold that the court clearly erred in determining that Collier did not meet his burden of showing ineffective assistance. We reverse that ruling and remand the case for a new trial on the drug-related convictions, which are Counts 1, 2, 3, and 4 (vehicular homicide in the first degree), Count 7 (driving under the influence of methamphetamine to the extent it was less safe to drive), and Count 8 (driving under the influence of amphetamine to the extent it was less safe to drive). We vacate the sentencing rulings on the remaining convictions, which he has not challenged, and remand the case for resentencing on these counts.

*Judgment on motion for new trial reversed. Judgment of convictions reversed and case remanded for resentencing on Counts 5, 6, 9 and 10 and for new trial on Counts 1, 2, 3, 4, 7 and 8. Ellington and Phipps, JJ., concur.*

DECIDED APRIL 5, 2004 — ■

*Allen M. Trapp, Jr.*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.

