### A09A1406. THRASHER v. THE STATE.

(684 SE2d 318)

MILLER, Chief Judge.

Following a jury trial, Larry Glenn Thrasher was convicted of one count of driving under the influence of methamphetamine to the extent that he was a less safe driver (OCGA § 40-6-391 (a) (2)). He appeals, contending that he received ineffective assistance of counsel because his trial counsel failed to file a motion to suppress and that the trial court erred in allowing a police officer to testify, as an expert witness, that facial discoloration was indicative of recent use of methamphetamine. Finding that trial counsel was deficient in failing to file a motion to suppress and that prejudice resulted, we reverse.

In reviewing a trial court's ruling on an ineffective assistance of counsel claim, we "accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Wheat v. State*, 282 Ga. App. 655, 656 (639 SE2d 578) (2006). "To prevail on a claim of ineffective assistance of trial counsel, a defendant bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency." (Citation and punctuation omitted.) *Rogers v. State*, 285 Ga. App. 568, 569 (1) (646 SE2d 751) (2007). To demonstrate deficient representation, a convicted criminal defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U. S. 668, 688 (104 SC 2052, 80 LE2d 674) (1984).

Viewed in the light most favorable to the jury's verdict (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)), the evidence shows that on June 9, 2009, Melody Harrison was unable to brake her vehicle in time to avoid striking the rear of a truck driven by Thrasher which entered the road she was on without slowing or stopping. A 911 call regarding the incident was made at approximately 3:50 p.m. Officer Andrew Dingle, the first officer to arrive on the scene, arrested Thrasher's son and passenger, Matthew, upon an

outstanding warrant for his arrest and because the officer found methamphetamine where Matthew had been seated. Thrasher initially fled from the scene of the accident, but shortly thereafter was located by police. Georgia State Patrol Sergeant Shawn Tucker, an accident investigator, reached the scene of the accident at 4:26 p.m. and at approximately 4:48 p.m. spoke to Thrasher when he was returned to the scene by the police. After Harrison identified Thrasher as the driver of the truck involved in the accident, Sergeant Tucker questioned Thrasher briefly, and Thrasher admitted leaving the scene of the accident, but denied he had been driving the truck. While speaking with Thrasher, Sergeant Tucker noted that he was excited, sweating, very talkative, quick spoken, and evasive. Also noting a blackish discoloration around Thrasher's lips and inside his mouth, Sergeant Tucker concluded that Thrasher was under the influence of recently smoked methamphetamine, which impaired his driving. Thrasher, who had been placed under arrest for leaving the scene of an accident at approximately 4:48 p.m. when he was returned to the scene, was then transported to the county jail. Sergeant Tucker left the accident scene at approximately 5:03 p.m. and traveled to the county jail, where at 5:45 p.m., he read Thrasher his implied consent rights. Thrasher agreed to have his blood drawn for testing, and the blood sample taken from him tested positive for the presence of methamphetamine.

1. Thrasher asserts that he received ineffective assistance of counsel, arguing that trial counsel was deficient in failing to file a motion to suppress the chemical test of his blood sample because Thrasher was not read his implied consent rights at the time of his arrest at the scene of the accident. We agree.

> [T]he failure to file a motion to suppress does not constitute per se ineffective assistance of counsel, and inasmuch as [Thrasher] is alleging that ineffectiveness was demonstrated by trial counsel's failure to move for suppression of [the chemical test of his blood sample, Thrasher was required to] make a "strong showing" that the evidence would have been suppressed had a motion to suppress been filed. [Cit.]

*Stanley v. State*, 283 Ga. 36, 39 (2) (a) (656 SE2d 806) (2008). Reversal is required when a showing is made that a motion to suppress would have been meritorious and when there is a reasonable likelihood that the outcome of the trial would have been different if evidence had been suppressed. *Jefferson v. State*, 217 Ga. App. 747, 753 (1) (c) (459 SE2d 173) (1995). Thrasher has made the required showing.

The State's claim to the contrary notwithstanding, the record before this Court shows only that Thrasher was arrested for leaving the scene of the accident at or about 4:48 p.m. when Sergeant Tucker began questioning him. Thrasher was read his implied consent rights at 5:45 p.m., 57 minutes later. There is no indication that Thrasher was formally arrested for driving under the influence at either point in time. Inasmuch as the arresting officer must read a person's implied consent rights contemporaneously with an arrest for driving under the influence involving an accident (OCGA §§ 40-5-55 and 40-6-392 (a) (4)), we must first determine whether Thrasher was under arrest for driving under the influence in the circumstances of this case, and if so when.

In this regard, the Supreme Court of Georgia has held:

The arrest necessary before the reading of implied consent . . . does not have to be a "formal arrest" in which the officer explicitly states to the suspect that he or she has been arrested. To the contrary, an arrest is accomplished whenever the liberty of another to come and go as he pleases is restrained, no matter how slight such restraint may be. The defendant may voluntarily submit to being considered under arrest without any actual touching or show of force. Thus, implied consent is triggered at the point that the suspect is not free to leave and a reasonable person in his position would not believe that the detention is temporary, regardless of whether a "formal arrest" has occurred.

(Citations and punctuation omitted.) *Hough v. State*, 279 Ga. 711, 716 (2) (a) (620 SE2d 380) (2005). Here, it is clear that Sergeant Tucker believed he had probable cause to arrest Thrasher for driving under the influence of methamphetamine immediately after questioning him at the scene of the accident. Upon further interviewing Thrasher at the county jail, the basis for Sergeant Tucker's initial probable cause determination did not change. And having been arrested for leaving the scene of the accident at or about 4:48 p.m., Thrasher was not free to leave thereafter. Given the foregoing, the absence of evidence showing Thrasher's formal arrest for driving under the influence, whether at the scene of the accident or later at the jail, and the fact that Sergeant Tucker nonetheless read him his implied consent rights, we conclude that Thrasher was, in fact, under arrest for driving under the influence when he was arrested at the scene of the accident and that he was not read his implied consent rights until nearly an hour had elapsed thereafter.

While there are a number of exceptions to the rule that implied consent rights must be read at the time of arrest, none is applicable

here. See, e.g., *Rogers v. State*, 163 Ga. App. 641, 643 (1) (295 SE2d 140) (1982) (defendant unconscious or otherwise incapable of understanding implied consent rights); *Fore v. State*, 180 Ga. App. 196 (348 SE2d 579) (1986) (exigent circumstances as warranting implied consent rights warning as soon as practicable).

The record before this Court, therefore, shows an unexcused delay of 57 minutes from the time of Thrasher's arrest to the time he was read his implied consent rights which, as a matter of law, rendered inadmissible the results of chemical testing on the blood sample he gave. See OCGA § 40-6-392 (a) (4); see *State v. Austell*, 285 Ga. App. 18, 20 (2) (645 SE2d 550) (2007) (delay of 35-45 minutes between arrest and reading of implied consent rights justified grant of motion to suppress); *Dawson v. State*, 227 Ga. App. 38, 40 (2) (488 SE2d 114) (1997) (delay of more than 45 minutes between arrest and reading of implied consent rights required exclusion); *Clapsaddle v. State*, 208 Ga. App. 840, 842 (1) (432 SE2d 262) (1993) (delay of an hour between arrest and reading of implied consent rights required suppression).

Trial counsel's failure to move to suppress the results of chemical testing in the instant circumstances constituted deficient performance as counsel. *Stanley*, supra, 283 Ga. at 39 (2). Inasmuch as Thrasher's son pled guilty to the offense of possession of methamphetamine, the State's case against Thrasher was substantially grounded upon Thrasher's blood sample, which tested positive for methamphetamine. Given the foregoing, we find that the outcome of Thrasher's trial would likely have been different had the results of chemical testing in this case been suppressed. See *Jefferson*, supra, 217 Ga. App. at 749-753 (1) (a)-(c) (failure to file motion to suppress physical evidence required reversal based on ineffective assistance of counsel). Finding deficient performance of trial counsel and prejudice, as above, we must reverse. *Rogers*, supra, 285 Ga. App. at 569 (1).

2. Given our disposition of Division 1, we need not address Thrasher's remaining claim of error.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 22, 2009.

*Nathanael A. Horsley*, for appellant.

*Kermit N. McManus, District Attorney, Barry S. Minter, Assistant District Attorney*, for appellee.